# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENRIQUE B. MEYERS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FEDERAL BUREAU OF PRISONS, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:06-00794-AWI-SMS PC<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS<br><br>(Doc. 1) |

I.　　Screening Order

　　A.　　Screening Requirement

Plaintiff Enrique B. Meyers ("plaintiff") is a former federal prisoner proceeding pro se and in forma pauperis in this civil action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors. Plaintiff filed this action on June 22, 2006.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

1

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

C.   Plaintiff's Claims

Plaintiff is a former inmate who was housed at the United States Penitentiary-Atwater when he filed this action. The events at issue allegedly occurred at the Federal Correctional Institution Sheridan in Sheridan, Oregon, and at USP-Atwater in Atwater California.

1.   Improper Venue

The majority of plaintiff's claims arise against staff at FCI Sheridan, and are not properly brought in this court. In his amended complaint, plaintiff must omit his claims for relief against staff at FCI Sheridan. See Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986) (court may raise defective venue sua sponte); see also Davis v. Mason County, 927 F.2d 1473, 1479 (9th Cir. 1991)

///

(courts have broad discretion regarding severance). If plaintiff wishes to pursue those claims, he may file suit in the United States District Court of Oregon.

        2.      <u>Claims Against Personnel at USP-Atwater</u>

Plaintiff's claims against defendants Orosco, Silva, and Warden Smith arise from plaintiff's attempts to get a copy of his DHO report. Plaintiff alleges that defendants are required to ensure that all his records are properly maintained. Plaintiff also alleges that defendants failed to respond to his initial administrative requests for a copy of the report.

Plaintiff's allegations do not give rise to any cognizable claims for relief under federal law against defendants at USP-Atwater. In the subsections that follow, the court will provide plaintiff with the legal standards applicable to the claims he is attempting to pursue. Plaintiff should carefully review the standards and amend only those claims he believes in good faith are cognizable under federal law.

        a.      <u>Denial of Access to the Courts</u>

Plaintiff alleges his right of access to the courts was violated. Inmates have a fundamental constitutional right of access to the courts. <u>Lewis v. Casey</u>, 518 U.S. 343, 346, 116 S.Ct. 2174, 2177 (1996). The right is limited to direct criminal appeals, habeas petitions, and civil rights actions. <u>Id</u>. at 354, 2181-82. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). <u>Christopher v. Harbury</u>, 536 U.S. 403, 412-15, 122 S.Ct. 2179, 2185-87 (2002). To prevail on a claim, the plaintiff must show that he suffered an actual injury by being shut out of court. <u>Id</u>. at 415, 2187; <u>Lewis</u>, 518 U.S. at 351, 2180.

        b.      <u>Eighth Amendment</u>

Plaintiff alleges a violation of his rights under the Eighth Amendment. To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347 (1981). "What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment Clause depends upon the claim at issue . . . ." <u>Hudson v. McMillian</u>, 503 U.S. 1, 8 (1992). "The

objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. at 8 (quotations and citations omitted). "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim." Id. at 9 (citation omitted). With respect to this type of claim, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Id. (quotations and citations omitted).

Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." Farmer, 511 U.S. at 837.

  c. Due Process

Plaintiff alleges his right to due process was violated. The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Plaintiff has not alleged any facts that would support a claim that he was deprived of a protected interest without procedural due process.

With respect to the administrative remedy process, "[a prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641,

1  647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann
2  v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Actions in reviewing prisoner's administrative appeal
3  cannot serve as the basis for liability in this civil rights action. Buckley, 997 F.2d at 495.

         d.      Conspiracy

5      Plaintiff alleges that defendants conspired to violate his rights. A complaint must "allege
6  [some] facts to support the existence of a conspiracy among the defendants." Buckey v. County of
7  Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992); Karim-Panahi v. Los Angeles Police Department,
8  839 F.2d 621, 626 (9th Cir. 1988). Plaintiff must allege that defendants conspired or acted jointly
9  in concert and that some overt act was done in furtherance of the conspiracy. Sykes v. State of
10 California, 497 F.2d 197, 200 (9th Cir. 1974). In this instance, plaintiff has not stated a claim that
11 any underlying right was violated, and the complaint is devoid of any facts supporting a claim that
12 defendants conspired to violate his rights.

         e.      Supervisory Liability

14     Defendant Smith is the Warden at USP-Atwater. Supervisory personnel cannot be held liable
15 in a Bivens action for the actions of their employees under a theory of respondeat superior. Terrell
16 v. Brewer, 935 F.2d 1015, 1018 (9th Cir. 1991).

    C.    Conclusion

18     Plaintiff's complaint does not state any claims for relief against staff at USP-Atwater.
19 Plaintiff has two options. Plaintiff may file an amended complaint setting forth *only* his claims
20 against staff at USP-Atwater. In the alternative, if plaintiff does not wish to amend his claims
21 against staff at USP-Atwater and wishes to proceed only on his claims against staff at FCI Sheridan,
22 plaintiff may so notify the court and it will dismiss his claims against staff at USP-Atwater and then
23 transfer this action to the United State District Court for Oregon.

24     If plaintiff opts to file an amended complaint setting forth his claims against staff at USP-
25 Atwater, plaintiff must demonstrate in his complaint how the conditions complained of resulted in
26 a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).
27 The complaint must allege in specific terms how each named defendant is involved. There can be
28 no liability unless there is some affirmative link or connection between a defendant's actions and the

1   claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167
2   (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

3         Plaintiff is cautioned that his amended complaint must satisfy the requirement of Federal
4   Rule of Civil Procedure 8(a), which calls for a "short and plain statement of the claim showing that
5   the pleader is entitled to relief."  Rule 8(a) expresses the principle of notice-pleading, whereby the
6   pleader need only give the opposing party fair notice of a claim.  Conley v. Gibson, 355 U.S. 41,
7   45-46 (1957).  Rule 8(a) does not require an elaborate recitation of every fact a plaintiff may
8   ultimately rely upon at trial, but only a statement sufficient to "give the defendant fair notice of what
9   the plaintiff's claim is and the grounds upon which it rests."  Id. at 47.

10         Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be
11   complete in itself without reference to any prior pleading.  As a general rule, an amended complaint
12   supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once
13   plaintiff files an amended complaint, the original pleading no longer serves any function in the case.
14   Therefore, in an amended complaint, as in an original complaint, each claim and the involvement
15   of each defendant must be sufficiently alleged.

16         Based on the foregoing, it is HEREBY ORDERED that:
17         1.      Plaintiff's complaint is dismissed, with leave to amend;
18         2.      The Clerk's Office shall send plaintiff a Bivens complaint form;
19         3.      Within **thirty (30) days** from the date of service of this order, plaintiff shall file an
20             amended complaint that complies with the directives in this order; and
21         4.      If plaintiff fails to file an amended complaint within thirty days, this action will be
22             dismissed.

23
24   IT IS SO ORDERED.
25   **Dated:   February 26, 2007**          /s/ Sandra M. Snyder
    icido3                                     UNITED STATES MAGISTRATE JUDGE
26
27
28